IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**CALVIN MONTGOMERY,**

**Defendant.**   No. 06-CR-30071-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Now before the Court are two motions filed by Calvin Montgomery on April 20, 2009: (1) motion requesting Court transcripts to prepare for petitioner's section 2255 petition (Doc. 108) and (2) motion to proceed in forma pauperis (Doc. 109). Based on the following, the Court rules as follows.

As to the motion for transcripts, Montgomery merely contends that he needs the suppression hearing and the motion to dismiss hearing transcripts in order to prepare his 28 U.S.C. § 2255 petition. The Court will not provide these free of charge unless Montgomery can make some further showing. ***See Rush v. United States*, 559 F.2d 455 (7th Cir. 1977)(holding that prisoners without counsel have a right to reasonable access to existing files in their underlying case prior to the filing of petition collaterally attacking their sentence**). Before providing

copies free of charge, a district court may require the requester to show: (1) that he has exhausted *all* other means of access to his files (*i.e.* through his trial and appellate counsel), (2) that he is financially unable to secure access to his court files (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing), and (3) that the documents requested are necessary for the preparation of some specific non-frivolous court action. **See United States v. Wilkinson, 618 F.2d 1215, 1218-19 (7th Cir. 1980); Rush, 559 F.2d at 459**. These minimal requirements do not impose a substantial burden to financially unable prisoners who desire their records to be sent to them at Government expense.

Here, Montgomery's motion clearly is insufficient. His motion is silent as to whether he has exhausted his other sources – his previous attorneys - for obtaining the court documents he seeks. Further, Montgomery fails to demonstrate that he needs the transcripts for a non-frivolous action. Bald allegations that he needs the documents will not do. Nor does he specify the claims he intends to raise in his § 2255 motion. Moreover, Williams must first file the 2255 action in order to obtain preparation of transcripts under § 753(f). **United States v. Horvath, 157 F.3d 131, 132-33 (2nd Cir. 1998)(collecting cases)**. Because Montgomery has not yet filed a § 2255 motion, the Court is unable to determine that Montgomery's expected § 2255 action has any possible merit and he is not eligible for transcripts under § 753(f).

Accordingly, the Court **DENIES at this time** Montgomery's motion

requesting court transcripts to prepare for petitioner's section 2255 petition (Doc. 108). Further, the Court **DENIES as moot** Montgomery's motion to proceed in forma pauperis (Doc. 109).

**IT IS SO ORDERED.**

Signed this 22nd day of April, 2009.

/s/ David R Herndon
**Chief Judge
United States District Court**